UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LESLIE JAMES PICKERING,

        Plaintiff,                        19-CV-417

      v.

U.S DEPARTMENT OF JUSTICE and
U.S DEPARTMENT OF HOMELAND SECURITY

        Defendant.

## MEMORANDUM OF LAW

## INTRODUCTION

This Memorandum of Law is submitted for defendant United States Department of Homeland Security ("DHS"), in support of its motion for summary judgment, pursuant to Fed. R. Civ. P. 56. This case concerns a request made by Plaintiff to DHS under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## SUMMARY OF FACTS

The Court is respectfully referred to the accompanying Declaration of Catrina M. Pavlik-Keenan for a complete and full recitation of the facts relevant to this motion.

## ARGUMENT

**Standard of Review**

"Summary judgment will be granted if the record demonstrates that 'there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" Rosinski v. American Axle & Mfg., Inc., 663 F.Supp.2d 197, 203 (W.D.N.Y. 2009), aff'd, No. 09-4569-cv, 2010 WL 3402984 (2d Cir. Aug. 31, 2010) (quoting Fed.R.Civ.P. 56(c)

and citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).  "The party seeking summary judgment 'bears the initial responsibility of informing the district court of the basis for its motion,' and identifying which materials 'it believes demonstrate the absence of a genuine issue of material fact.'"  Klumpp v. Bandit Industries, Inc., 113 F.Supp.2d 567, 570 (W.D.N.Y. 2000) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

 "In order to defeat a summary judgment motion properly supported by evidence in admissible form, the non-movant must offer comparable evidence demonstrating the existence of a genuine issue of material fact."  Rosinski, 663 F.Supp.2d at 203  (citing Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir.1996)).  "The non-movant must present more than a "'scintilla of evidence.'"  Rosinski, 663 F.Supp.2d at 203 (quoting Del. & Hudson Ry. Co. v. Cons. Rail Corp., 902 F.2d 174, 178 (2d Cir. 1990) and Anderson, 477 U.S. at 252).  The non-movant may not rely on "some metaphysical doubt as to the material facts."  Rosinski, 663 F.Supp.2d at 203 (quoting Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1072 (2d Cir.1993)).  Nor may the non-movant "rely on the allegations in his or her pleadings, conclusory statements, or 'mere assertions that affidavits supporting the motion are not credible.'"  Rosinski, 663 F.Supp.2d at 203 (quoting Gottlieb v. County of Orange, 84 F.3d 511, 518 (2d Cir.1996)).

## POINT I

### PLAINTIFF'S FOIA CLAIM AGAINST DHS MUST BE DISMISSED BECAUSE THE RECORDS SOUGHT BY PLAINTIFF ARE NOT DHS'S "AGENCY RECORDS"

In order to state a claim under FOIA, a plaintiff must show that "an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'"  Grand Cent. P'ship, Inc. v. Cuomo, 166

2

F.3d 473, 478 (2d Cir. 1999) (quoting United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142, 109 S.Ct. 2841, 2846, 106 L.Ed.2d 112 (1989)).  "Only when each of these criteria is met may a district court 'force an agency to comply with the FOIA's disclosure requirements.'"  Grand Cent. P'ship, 166 F.3d at 478 (quoting Tax Analysts, 492 U.S. at 142).  The agency bears the burden of showing that sought after records are not "agency records."  Grand Cent. P'ship, 166 F.3d at 478.

"Although the FOIA statute itself does not indicate the types of documents that constitute 'agency records' within the meaning of the Act, the meaning of agency records is now well established."  Grand Cent. P'ship, 166 F.3d at 478-479 (citations and internal quotation marks omitted).  "For requested materials to qualify as 'agency records,' two requirements must be satisfied: (i) an agency must 'either create or obtain' the requested materials, and (ii) the agency must be in control of the requested materials at the time the FOIA request is made."  Grand Cent. P'ship, 166 F.3d at 479 (citations and internal quotation marks omitted).

FOIA functions within DHS are decentralized and each DHS component is responsible for receiving and responding to the FOIA requests it receives.  6 C.F.R. § 5.3(a)(1).  "To make a request for DHS records, a requester should write directly to the FOIA office of the component that maintains the records being sought."  6 C.F.R. § 5.3(a)(1).  However, recognizing that a requester may be unsure which component maintains the records sought, Section 5.3(a)(2) of the DHS FOIA regulations specifically provides that a requester may send a request to the Privacy office to forward to the component it determines to be most likely to maintain the records sought.  6 C.F.R. § 5.3(a)(2).

3

Here, Plaintiff's March 3, 2018 FOIA request seeks "any and all records that were prepared, received, transmitted, collected and/or maintained by the Department of Homeland Security (DHS) relating or referring to Scott Crow (a.k.a. James Scott Haws, Hooks, and Tackhead." Pavlik-Keenan Dec. ¶ 8, Exh. A. On March 13, 2018, DHS acknowledged receipt of Plaintiff's March 3, 2018 request and assigned it Reference Number 2018-HQFO-00736 and DHS requested additional information from Plaintiff to perfect the request. Pavlik-Keenan Dec. ¶ 9, Exh. B. By letter dated July 19, 2018, Plaintiff provided the additional information requested by DHS to perfect Plaintiff's request. Specifically, Plaintiff's counsel advised that "Mr. Pickering believes the following DHS components may have records pertaining to Mr. Crow: Customs and Border Protection, Federal Emergency Management Agency, Office of Intelligence and Analysis, and Transportation Security Administration." Pavlik-Keenan Dec. ¶ 10, Exh. C. By letter dated October 17, 2018, Plaintiff filed an administrative appeal of DHS' failure to respond to Plaintiff's FOIA request. Pavlik-Keenan Dec. ¶ 11, Exh. D. By letter dated October 18, 2018, DHS acknowledged receipt of Plaintiff's administrative appeal and assigned the appeal tracking number 2019-HQAP-00025. Pavlik-Keenan Dec. ¶ 12, Exh. E. On April 1, 2019, while the administrative appeal was pending with the Administrative Law Judge ("ALJ"), Plaintiff filed the Complaint in this FOIA litigation. Pavlik-Keenan Dec. ¶ 13. By letter and accompanying memorandum dated July 12, 2019, the ALJ remanded the request to DHS for processing within 30 days of the ALJ's decision. Pavlik-Keenan Dec. ¶ 14, Exhs. F-1 and F-2. In response to the ALJ's remand and the further information provided to perfect Plaintiff's request on July 19, 2018, and consistent with DHS FOIA regulations – on July 22, 2019, DHS sent a memo to the U.S. Customs and Border Protection ("CBP"), the Federal Emergency Management Agency

("FEMA"), DHS Intelligence and Analysis ("I&A"), and the Transportation Security Administration ("TSA"), transferring Plaintiff's request for handling and direct response by these DHS components.  Pavlik-Keenan Dec. ¶ 15.  On that same day, July 22, 2019, DHS sent Plaintiff a letter advising that the Privacy Office had transferred Plaintiff's request to CBP, FEMA, I&A, and TSA for handling and closed Plaintiff's request at DHS Headquarters. Pavlik-Keenan Dec. ¶ 15, Exh. G.  DHS' handling of Plaintiff's request ended upon transferring the request to the DHS components identified in Plaintiff's perfected request dated July 19, 2018. The DHS Privacy Office FOIA Division has had no involvement with Plaintiff's request since that time and based on Plaintiff's own communication with DHS in July 2018, Plaintiff is not seeking records from any of the DHS Headquarters component or program offices served by the FOIA Division.  Pavlik-Keenan Dec. ¶ 16.

Accordingly, the undisputed proof – including Plaintiff's own written admission – shows that the agency records sought by Plaintiff here were created and maintained not by DHS but by CBP, FEMA, I&A, and TSA.  Therefore, Plaintiff cannot show that DHS has improperly withheld agency records and Plaintiff's FOIA claim should be dismissed.

## **CONCLUSION**

Defendant DHS's motion for summary judgment should be granted and plaintiff's complaint should be dismissed in its entirety with prejudice.

DATED: Buffalo, New York, November 30, 2020

JAMES P. KENNEDY, JR.
United States Attorney


*S/Michael S. Cerrone*

BY:    MICHAEL S. CERRONE
Assistant U.S. Attorney
U.S. Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716-843-5851
michael.cerrone@usdoj.gov