UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LESLIE JAMES PICKERING,

        Plaintiff,                        19-CV-417

     v.

U.S DEPARTMENT OF JUSTICE and
U.S DEPARTMENT OF HOMELAND SECURITY

        Defendant.

## MEMORANDUM OF LAW

## INTRODUCTION

This Memorandum of Law is submitted for defendant United States Department of Justice ("DOJ"), on behalf of its component agency, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), in support of its motion for summary judgment, pursuant to Fed. R. Civ. P. 56. This case concerns a request made by plaintiff to ATF under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## SUMMARY OF FACTS

The Court is respectfully referred to the accompanying declaration of Adam C. Siple for a complete and full recitation of the facts relevant to this motion.

## ARGUMENT

### Standard of Review

Under FOIA, "every federal agency is required . . . to make its records 'promptly available to any person' upon receipt of a reasonably articulated request." Kuzma v. U.S. Dep't of Justice, No. 12-CV-807S, 2014 WL 4829315, at *2 (W.D.N.Y. Sept. 29, 2014)

(quoting Phillips v. Immigration & Customs Enforcement, 385 F. Supp. 2d 296, 301 (S.D.N.Y. 2005) and 5 U.S.C. § 552(a)(3)).  "The FOIA embodies Congress's desire that an open government allow for 'an informed citizenry to hold the governors accountable to the governed.'"  Kuzma, 2014 WL 4829315, at * 2 (quoting Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 478 (2d Cir. 1999); Phillips, 385 F. Supp. at 301 ("FOIA reflects a strong Congressional policy of requiring full public disclosure of documents and records maintained by federal agencies.").  "To that end, the FOIA requires the fullest possible public disclosure of government-kept records yet at the same time maintains the confidentiality of sensitive information based on narrowly tailored exemptions intended to protect certain interests."  Kuzma, 2014 WL 4829315, at * 2.

"Federal courts are required to conduct de novo review of an agency's decision to withhold requested records under the FOIA."  Kuzma, 2014 WL 4829315, at * 2 (citing Massey v. FBI, 3 F.3d 620, 622 (2d Cir. 1993)).  "The preferred method of doing so is by summary judgment."  Kuzma, 2014 WL 4829315, at * 2 (citing Fox News Network, LLC v. U.S. Dep't of the Treasury, 739 F. Supp. 2d 515, 532 (S.D.N.Y. 2010); Jones-Edwards v. Appeal Bd. of NSA, 352 F. Supp. 2d 420, 423 (S.D.N.Y. 2005)).

In a FOIA case, a plaintiff is entitled to summary judgment "when an agency seeks to protect material which, even on the agency's version of the facts, falls outside the proffered exemption."  New York Times Co. v. U.S. Dep't of Defense, 499 F. Supp. 2d 501, 509 (S.D.N.Y. 2007).  A federal agency is entitled to summary judgment "when it has thoroughly searched for responsive records and has articulated reasonably detailed explanations why any withheld documents fall within an exemption."  Kuzma, 2014 WL 4829315, at * 2 (citing Carney v. U.S. Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994); Wilner v. Nat'l Sec. Agency,

592 F.3d 60, 69 (2d Cir. 2009)).  "To carry its burden, the defending agency may rely on a *Vaughn* index, which consists of 'affidavits to the court that describe with reasonable specificity the nature of the documents at issue and the justification for nondisclosure; the description provided in the affidavits must show that the information logically falls within the claimed exemption.'"  Kuzma, 2014 WL 4829315, at * 2 (quoting Lesar v. United States Dep't of Justice, 636 F.2d 472, 481 (D.C. Cir. 1980); Halpern v. Fed. Bureau of Investigation, 181 F.3d 279, 291 (2d Cir. 1999) (citing Lesar).

The Vaughn index has three functions: "(1) it forces the government to analyze carefully any material withheld, (2) it enables the trial court to fulfill its duty of ruling on the applicability of the exemption, and (3) it enables the adversary system to operate by giving the requester as much information as possible, on the basis of which he can present his case to the trial court."  Kuzma, 2014 WL 4829315, at * 2 (quoting Halpern, 181 F.3d at 291; Keys v. United States Dep't of Justice, 830 F.2d 337, 349 (D.C. Cir. 1987)).  "Agency affidavits, including the *Vaughn* index, are presumed to have been made in good faith."  Kuzma, 2014 WL 4829315, at * 2 (citing Carney, 19 F.3d at 812).  "This presumption is not rebutted by bare allegations or speculative claims that additional documents exist."  Kuzma, 2014 WL 4829315, at * 2 (citing Grand Cent., 166 F.3d at 489).  "If the agency's submissions are facially adequate, summary judgment is warranted unless the plaintiff can make a showing of bad faith on the part of the agency or present evidence that the exemptions claimed by the agency should not apply."  Garcia v. United States Dep't of Justice, Office of Info. & Privacy, 181 F.Supp.2d 356, 366 (S.D.N.Y. 2002) (citing Carney, 19 F.3d at 812); Center for Constitutional Rights v. C.I.A., 765 F.3d 161, 166 (2d Cir. 2014).

<u>**POINT I**</u>

<u>**THE ATF IS ENTITLED TO SUMMARY JUDGMENT AS
ITS SEARCH WAS ADEQUATE**</u>

In response to FOIA requests, federal agencies are obligated to conduct searches that are reasonably calculated to locate all responsive records. <u>Weisberg v. U.S. Dep't of Justice</u>, 705 F.2d 1344, 1351 (D.C. Cir. 1983) ("Weisberg I"); <u>Kennedy v. U.S. Department of Justice</u>, 03-CV-6077, 2004 WL 2284691, at *2 (W.D.N.Y. 2004); <u>Pub. Investors Arbitration Bar Ass'n v. U.S. Sec. & Exch. Comm'n</u>, No. 11-2285, 2013 WL 987769 at *4 (D.D.C. Mar. 14, 2013). Under this reasonableness standard, an agency does not need to search every record system. <u>Oglesby v. U.S. Dep't of the Army</u>, 920 F.2d 57, 68 (D.C. Cir. 1990) ("There is no requirement that an agency search every record system."). Nor is the adequacy of a search judged by its results. <u>Iturralde v. Comptroller of the Currency</u>, 315 F.3d 311, 315 (D.C. Cir. 2003) ("[T]he adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search."); <u>Meeropol v. Meese</u>, 790 F.2d 942, 952-53 (D.C. Cir. 1986) ("[A] search is not unreasonable simply because it fails to produce all relevant material[.]"); <u>Mobley v. CIA</u>, 924 F.Supp.2d 24, 36 (D.D.C. 2013). Rather, an agency's search is measured against a standard of reasonableness applied to the specific FOIA request, i.e., did the agency search all places where responsive records were reasonably likely to be found. <u>Weisberg v. U.S. Dep't of Justice</u>, 745 F.2d 1476, 1485 (D.C. Cir. 1984) ("Weisberg II"); <u>Scaff-Martinez v. DEA</u>, 770 F. Supp. 2d 17, 21-22 (D.D.C. 2011). Accordingly, an agency's "failure to turn up a particular document, or mere speculation that as yet uncovered documents might exist, does not undermine the determination that the agency conducted an adequate search for the requested records." <u>Wilbur v. CIA</u>, 355 F.3d 675, 678 (D.C. Cir. 2004) (per curiam).

To justify its search for purposes of summary judgment, an agency needs only to provide affidavits explaining the scope and method of the search in reasonable detail. Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982) ("[A]ffidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the FOIA."). Those agency affidavits are entitled to a presumption of good faith. SafeCard Servs., Inc., v. Sec. Exch. Comm'n, 926 F.2d 1197, 1200 (D.C. Cir. 1991); Mobley, 2013 WL 452932 at *33 ("The only situation in which the Court would withhold a presumption of good faith as to a sworn agency declaration is if the plaintiffs were able to present contrary evidence of bad faith."). Once the agency has shown "that it conducted 'reasonably calculated' searches, the burden is on [plaintiff] to identify specific additional places the agency should now search." Hodge v. FBI, 703 F.3d 575, 580 (D.C. Cir. 2013). In short, where affidavits establish that an agency's FOIA search was reasonably calculated to find all responsive records, the agency has satisfied its obligation to conduct an adequate search. Perry, 684 F.2d at 127; Cooper v. Stewart, 763 F. Supp. 2d 137, 141-42 (D.D.C. 2011), aff'd, 2011 WL 6758484 (D.C.Cir. Dec 15, 2011); see also Fed. R. Civ. P. 56(c).

Here, in March 2018, Plaintiff submitted a FOIA records request to ATF seeking "any and all records that were prepared, received, transmitted, collected and/or maintained by the Bureau of Alcohol, Tobacco, Firearms and Explosives relating or referring to Scott Crow (a.k.a. James Scott Haws, Hooks and Tackhead)." Plaintiff provided a Certification of Identity Form (DOJ-361) completed by Mr. Crow. Siple Dec. ¶ 3. ATF initiated its search for responsive documents through "N-Force" and the Treasury Enforcement Communications System ("TECS") — the two systems of records where ATF records of

5

criminal investigations are housed. No other record system used or maintained by ATF is likely to have records of specific criminal investigations undertaken by or involving ATF. Siple Dec. ¶¶ 4-7. ATF construed Plaintiff's FOIA request as one seeking any records of ATF investigations concerning Scott Crow, searched N-Force and TECS using the name of the subject, and the queries did not identify any records responsive to Plaintiff's request within ATF's custody and control. Siple Dec. ¶ 8. Due to an administrative oversight, ATF did not originally search for the AKAs listed by Plaintiff in his request: "James Scott Haws," "Hooks," and "Tackhead." Because ATF's prior search for the subject's name yielded no responsive records, ATF subsequently conducted supplemental searches of both N-Force and TECS for all three AKAs. All three searches did not identify any records responsive to Plaintiff's request. Siple Dec. ¶ 9. Accordingly, based on the foregoing, ATF's search was adequate, and it is entitled to summary judgment dismissing Plaintiff's complaint.

## CONCLUSION

Defendant's motion for summary judgment should be granted and plaintiff's complaint should be dismissed in its entirety with prejudice.

DATED: Buffalo, New York, November 30, 2020

JAMES P. KENNEDY, JR.
United States Attorney

_____S/Michael S. Cerrone_____
BY:  MICHAEL S. CERRONE
Assistant U.S. Attorney
U.S. Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716-843-5851
michael.cerrone@usdoj.gov

6