UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LESLIE JAMES PICKERING,

                    Plaintiff,                                    1:19-cv-417

        v.

U.S DEPARTMENT OF JUSTICE and
U.S DEPARTMENT OF HOMELAND SECURITY

                    Defendant.

## MEMORANDUM OF LAW

## INTRODUCTION

This Memorandum of Law is submitted for defendant United States Department of Justice ("DOJ"), on behalf of its component agencies, the Federal Bureau of Investigation ("FBI") and the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and on behalf of defendant United States Department of Homeland Security ("DHS"), in further support of their motions for summary judgment, pursuant to Fed. R. Civ. P. 56, and in opposition to Plaintiff's Objection to the Report and Recommendation.  This case concerns requests made by Plaintiff to the FBI, ATF, and DHS under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## PROCEDURAL HISTORY

**Plaintiff's FOIA Request to DHS**

Plaintiff FOIA request to DHS is dated March 3, 2018.  Declaration of Catrina M. Pavlik-Keenan ("Pavlik-Kennan Declaration"), ¶ 8, Exh. A (Dkt. # 23).  In his FOIA request, Plaintiff sought "any and all records that were prepared, received, transmitted, collected

and/or maintained by the Department of Homeland Security (DHS) relating or referring to Scott Crow (a.k.a. James Scott Haws, Hooks, and Tackhead)." Pavlik-Kennan Declaration, ¶ 8, Exh. A.

On March 13, 2018, DHS acknowledged receipt of Plaintiff's March 3, 2018 request and assigned it Reference Number 2018-HQFO-00736. Pavlik-Kennan Declaration, ¶ 9, Exh. B. In this March 13, 2018 letter, DHS also requested additional information from Plaintiff to perfect the request. Pavlik-Kennan Declaration, ¶ 9, Exh. B.

By letter dated July 19, 2018, Plaintiff provided the additional information requested by DHS to perfect Plaintiff's request. Pavlik-Kennan Declaration, ¶ 10, Exh. C. Specifically, Plaintiff's counsel advised that "Mr. Pickering believes the following DHS components may have records pertaining to Mr. Crow: Customs and Border Protection, Federal Emergency Management Agency, Office of Intelligence and Analysis, and Transportation Security Administration." Pavlik-Kennan Declaration, ¶ 10, Exh. C. By letter dated October 17, 2018, Plaintiff filed an administrative appeal of DHS' failure to respond to Plaintiff's FOIA request. Pavlik-Kennan Declaration, ¶ 11, Exh. D.

By letter dated October 18, 2018, DHS acknowledged receipt of Plaintiff's administrative appeal and assigned the appeal tracking number 2019-HQAP-00025. Pavlik-Kennan Declaration, ¶ 12, Exh. E.

On April 1, 2019, while the administrative appeal was pending with the Administrative Law Judge ("ALJ"), Plaintiff filed the Complaint in this FOIA litigation. Pavlik-Kennan Declaration, ¶ 13. By letter and accompanying memorandum dated July 12, 2019, the ALJ remanded the request to DHS for processing within 30 days of the ALJ's decision. Pavlik-Kennan Declaration, ¶ 14, Exhs. F-1 and F-2. In response to the ALJ's

remand and the further information provided to perfect Plaintiff's request on July 19, 2018, and consistent with DHS FOIA regulations – on July 22, 2019, DHS sent a memo to the U.S. Customs and Border Protection ("CBP"), the Federal Emergency Management Agency ("FEMA"), DHS Intelligence and Analysis ("I&A"), and the Transportation Security Administration ("TSA"), transferring Plaintiff's request for handling and direct response by these DHS components.  Pavlik-Kennan Declaration, ¶ 15.

On that same day, July 22, 2019, DHS sent Plaintiff a letter advising that the Privacy Office had transferred Plaintiff's request to CBP, FEMA, I&A, and TSA for handling and closed Plaintiff's request at DHS Headquarters.  Pavlik-Kennan Declaration, ¶ 16, Exh. G. DHS' handling of Plaintiff's request ended upon transferring the request to the DHS components identified in Plaintiff's perfected request dated July 19, 2018.  Pavlik-Kennan Declaration, ¶ 16.  The DHS Privacy Office FOIA Division has had no involvement with Plaintiff's request since that time and based on Plaintiff's own communication with DHS in July 2018, Plaintiff is not seeking records from any of the DHS Headquarters component or program offices served by the FOIA Division.  Pavlik-Kennan Declaration, ¶ 16.

**The Federal Action**

Plaintiff commenced this action on March 31, 2019.  Dkt. # 1.  DHS, FBI, and ATF answered the complaint on August 15, 2019.  Dkt. # 7.

DHS, FBI, and ATF moved for summary judgment on May 15, 2020.  Dkt. # 23-34. In its motion for summary judgment, DHS argued that Plaintiff's FOIA claim against it must be dismissed because Plaintiff has failed to show that DHS improperly withheld agency records as the records Plaintiff sought were under the control and custody of its component agencies.   Dkt. # 24, pp. 2-5.

In his response, Plaintiff opposed the motions for summary judgment of DHS and FBI but did not oppose ATF's motion for summary judgment. Dkt. # 37. With respect to DHS's motion, Plaintiff argued that DHS is a proper party to this action. Dkt. # 37, pp. 1-2.

**The Report and Recommendation**

On November 22, 2021, Magistrate Judge Leslie G. Foschio rendered a Report and Recommendation on defendants' motions for summary judgment. Dkt. # 42. In the R & R, Magistrate Foschio recommended that defendants' motions for summary judgment be granted. Dkt. # 42.

**Plaintiff's Objection**

Plaintiff did not object to the R & R's recommendation that ATF and FBI's summary judgment motions be granted. DKt. # 43. Plaintiff only objected with respect to the R & R's recommendation regarding DHS's motion. Dkt. # 43.

## ARGUMENT

**Standard of Review**

"Summary judgment will be granted pursuant to Fed.R.Civ.P. 56 when the moving party demonstrates that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." E.E.O.C. v. Concrete Applied Const. Techs. Corp., 511 F. Supp. 2d 334, 340–41 (W.D.N.Y. 2007) (Report and Recommendation), adopted by, 511 F.Supp. 2d 334, 336 (W.D.N.Y. 2007) (Arcara, J.) (citations omitted). A district judge reviews de novo a report and recommendation made by a magistrate judge on a dispositive motion. Fed. R. Civ. P. 72(b)(3).

## POINT I

## PLAINTIFF HAS FAILED TO SHOW THAT DHS WITHHELD AGENCY RECORDS UNDER FOIA

In his lone objection to the R & R, Plaintiff argues that DHS is a proper party to this action as Plaintiff's FOIA request was directed to DHS. Dkt. # 43, p. 2. Plaintiff argues that there is uncertainty in the caselaw regarding whether the proper FOIA defendant is the agency (such as DHS) or the component (such as CBP, FEMA, I&A and TSA). Dkt. # 43, p. 2 (citing Schulze v. F.B.I., No. 1:05CV0180 AWI GSA, 2012 WL 2571254, at *4 (E.D. Cal. July 2, 2012) and Jean-Pierre v. Fed. Bureau of Prisons, 880 F. Supp. 2d 95, 101 (D.D.C. 2012)). Plaintiff further argues that this uncertainty causes confusion for plaintiffs as to who is the proper party to sue under FOIA. Dkt. # 43, p. 3.

Plaintiff's objection should be rejected because (i) Plaintiff has failed to show that DHS improperly withheld agency records and (ii) DHS is not a proper party to this FOIA action.

In order to state a claim under FOIA, a plaintiff must show that "an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'" Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 478 (2d Cir. 1999) (quoting United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142, 109 S.Ct. 2841, 2846, 106 L.Ed.2d 112 (1989)). "Only when each of these criteria is met may a district court 'force an agency to comply with the FOIA's disclosure requirements.'" Grand Cent. P'ship, 166 F.3d at 478 (quoting Tax Analysts, 492 U.S. at 142). The agency bears the burden of showing that sought after records are not "agency records." Grand Cent. P'ship, 166 F.3d at 478.

"Although the FOIA statute itself does not indicate the types of documents that constitute 'agency records' within the meaning of the Act, the meaning of agency records is now well established." Grand Cent. P'ship, 166 F.3d at 478-479 (citations and internal

quotation marks omitted).   "For requested materials to qualify as 'agency records,' two requirements must be satisfied: (i) an agency must 'either create or obtain' the requested materials, and (ii) the agency must be in control of the requested materials at the time the FOIA request is made."   Grand Cent. P'ship, 166 F.3d at 479 (citations and internal quotation marks omitted).

Here, after Plaintiff submitted his FOIA request to DHS and DHS responded by requesting additional information, Plaintiff's counsel responded that "Mr. Pickering believes the following DHS components may have records pertaining to Mr. Crow: Customs and Border Protection, Federal Emergency Management Agency, Office of Intelligence and Analysis, and Transportation Security Administration."   Pavlik-Keenan Dec. ¶ 10, Exh. C. DHS then notified its component agencies, CBP, FEMA, I&A and TSA, that it was referring Plaintiff's request to them and notified Plaintiff that it was transferring Plaintiff's FOIA request to those component agencies.   Pavlik-Keenan Dec. ¶ 15.

Accordingly, the undisputed proof – including Plaintiff's own written admission – shows that the agency records sought by Plaintiff here were created and maintained not by DHS but by CBP, FEMA, I&A, and TSA.   Therefore, Plaintiff cannot show that DHS has improperly withheld agency records and Plaintiff's FOIA claim should be dismissed, as the R & R recommends.

Moreover, DHS is not a proper party here because it is undisputed that FOIA functions within DHS are decentralized and each DHS component is responsible for receiving and responding to the FOIA requests it receives.   6 C.F.R. § 5.3(a)(1).   In fact, DHS regulations explicitly inform FOIA requesters to "write directly to the FOIA office of the component that

maintains the records being sought." 6 C.F.R. § 5.3(a)(1). Thus, in the case of DHS[1], per the published FOIA regulations, there is no "confusion" regarding what party to sue in a FOIA case as the regulations make it clear that each DHS component separately administers FOIA requests. Importantly, Plaintiff knew as early as July 19, 2018, per counsel's letter, that CBP, FEMA, I&A, and TSA possessed the records he sought. Pavlik-Kennan Declaration, ¶ 10, Exh. C. This letter from Plaintiff's counsel was sent to DHS almost nine months before Plaintiff commenced this action on March 31, 2019. Since Plaintiff knew which component agencies possessed the records he sought before he commenced this action, any claim of "confusion" regarding which party to sue should be rejected.

## CONCLUSION

The Court should reject Plaintiff's Objection, adopt the R & R, and dismiss this action.

DATED: Buffalo, New York, December 14, 2021

TRINI E. ROSS
United States Attorney

_____S/Michael S. Cerrone_____

BY:    MICHAEL S. CERRONE
Assistant U.S. Attorney
U.S. Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716-843-5851
michael.cerrone@usdoj.gov

---

[1] The cases Plaintiff relies upon, Schulze and Jean-Pierre, are easily distinguishable because they do not involve DHS, DHS's component agencies, or DHS's FOIA regulations which explicitly direct FOIA requesters to make their requests to the component agencies.

7