UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LESLIE JAMES PICKERING,

                              Plaintiff,

                                                                    **DECISION AND ORDER**
          v.                                                        19-CV-417

U. S. DEPARTMENT OF JUSTICE, and
U.S. DEPARTMENT OF HOMELAND SECURITY,

                              Defendants.

_____

          This Freedom of Information Act ("FOIA") case filed by Plaintiff Leslie James

Pickering was referred to Magistrate Judge Leslie G. Foschio pursuant to 28 U.S.C. §

636(b)(1) for pretrial proceedings.    Plaintiff initiated this lawsuit seeking disclosure of

records under FOIA, 5 U.S.C. § 552, that he alleges were improperly withheld by

Defendants Department of Justice ("DOJ") and Department of Homeland Security

("DHS").

          On November 30, 2020, DHS moved for summary judgment pursuant to Federal

Rule of Civil Procedure 56, Dkt. 23, as did DOJ in separate filings on behalf of its

component agencies the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"),

Dkt. 27, and the Federal Bureau of Investigation ("FBI"), Dkt. 31.    DOJ argued on

behalf of its component ATF that the search conducted by ATF for responsive records

was adequate, although it did not identify any records responsive to Plaintiff's request

within its custody and control.    Dkt. 28.    DOJ also argued on behalf of its component

1

the FBI that the search conducted by the FBI for responsive records was adequate, and further asserted that its segregability determinations were correct and its FOIA exemption determinations were all appropriate.   Dkt. 32.

DHS, however, argued that it had transferred Plaintiff's request to its component agencies U.S. Customs and Border Protection ("CBP"), the Federal Emergency Management Agency ("FEMA"), DHS Intelligence and Analysis ("DHS I&A"), and the Transportation Security Administration ("TSA") for processing based on Plaintiff's own assertion that those components may have responsive records.   Dkt. 24.   DHS further asserted that it did not create or maintain any records sought by Plaintiff.   However, DHS did not argue that it conducted a search for responsive records; rather, it distinguished DHS from its component agencies, noting that "FOIA functions within DHS are decentralized," and relied on that distinction to argue that DHS did not improperly withhold requested records.

On January 8, 2021, Plaintiff filed a single memorandum in opposition to the motions for summary judgment.   Dkt. 37.   Plaintiff argued that DHS did not assert it was an improper party defendant when it filed an Answer to the Complaint in this case, and furthermore, that all of his communications had been with DHS, as opposed to any of the DHS component agencies.   Alternatively, he suggested that if DHS was not deemed a proper party defendant, the Court should *sua sponte* substitute the TSA.

With respect to the FBI's response, Plaintiff argued that it failed to adequately explain its segregability determinations regarding 356 pages withheld from disclosure in full and encouraged the Magistrate Judge to conduct an *in camera* review of those pages

to evaluate segregability.   Plaintiff argued that, for a variety of reasons, the FBI too

liberally asserted FOIA exemptions, and the FBI's search itself was inadequate because

several hundred additional pages were allegedly disclosed previously in response to

another individual's request pertaining to the same subject matter.   Finally, Plaintiff

argued that he was entitled to attorney's fees under FOIA because the FBI did not release

any records pursuant to his request until after he commenced the instant lawsuit.[1]

Plaintiff did not oppose the summary judgment motion made by DOJ on behalf of its

component ATF.

Defendants filed a consolidated reply brief on March 5, 2021.   Dkt. 40.   They

reiterated that Plaintiff did not oppose the motion for summary judgment brought on

behalf of ATF and encouraged the Court to refer to the declarations filed with the FBI's

motion papers.   The reply brief does not address the issue of attorney's fees.   As to

DHS, that Defendant took issue with Plaintiff's characterization of its position, *i.e.,* that it

was an improper party defendant.   Rather, DHS stated that its argument was simply that

Plaintiff had failed to allege, much less prove, that DHS withheld agency records.

On November 22, 2021, the Magistrate Judge filed a Report and Recommendation

("R&R").   Dkt. 42.   The R&R recommends granting all three motions for summary

judgment.   Plaintiff filed timely objections on December 6, 2021, arguing only against

the R&R's recommendation to grant DHS's summary judgment motion.   Dkt. 43.   A

---

1 Plaintiff filed his Complaint on March 31, 2019.   Dkt. 1.   The FBI released an initial batch of
document to Plaintiff on October 15, 2019 and an additional batch on November 15, 2019.   Dkt.
34-1, at Exhibits F and G.

response brief was filed on December 14, 2021, asserting that DHS's FOIA Division had

not been involved with Plaintiff's FOIA request since it transferred the request to its

components CBP, FEMA, DHS I&A, and the TSA for processing.    Dkt. 45.    DHS

argued that Plaintiff's objection should be rejected because (1) Plaintiff failed to show

that DHS improperly withheld records, and (2) DHS is not a proper party defendant.

Plaintiff filed a reply brief on January 4, 2022, arguing that there is disagreement

amongst the courts whether executive agency components are subject to FOIA suits in

their own names.    Dkt. 46.

The Court reviews the findings and conclusions of the R&R pursuant to 28 U.S.C.

§ 636(b)(1).    To the extent that the parties have made timely and specific objections to

the Magistrate Judge's R&R, the standard of review is *de novo*.    *Id.*

Upon due consideration of the arguments, and after careful review of the record,

the Court adopts the R&R's findings and recommendation that Defendant DOJ's

components ATF and the FBI are entitled to summary judgment.    The Court does so on

clear error review because Plaintiff did not file objections concerning those portions of

the R&R.    With respect to Plaintiff's objection concerning DHS, the Court finds that it

must reject the recommendation of the Magistrate Judge as set forth in the R&R.

The Court rejects the R&R insofar as it finds that Defendant DHS was "an

incorrectly sued entity."    It is undisputed that Plaintiff filed the instant Complaint on

March 31, 2019 and DHS has asserted – in both an unsworn declaration of Catrina

Pavlik-Keenan, then-Acting Deputy Chief FOIA Officer for DHS's Privacy Office, and

in an attachment thereto – that the FOIA Division of DHS did not transfer Plaintiff's

4

FOIA request to component agencies CBP, FEMA, DHS I&A, and the TSA until July 22, 2019.   Dkt. 26 and 26-8.   Certainly, Plaintiff could have filed a motion to amend the Complaint to add the referenced component agencies as defendants.[2]   The parties also could have filed a motion or stipulated to substitution[3] for the sake of judicial economy, a consideration that Plaintiff's reply brief aptly notes.   However, for the following reasons, the Court determines that these oversights are not dispositive in this case.

First, nothing in the record indicates that Plaintiff believed or communicated to DHS that only the four indicated component agencies may have records relevant to Plaintiff's FOIA request.   While it does appear that Plaintiff is now narrowing his request to records of the TSA, Plaintiff has likewise abandoned his previous claims concerning additional records of the FBI that he clearly believed he was entitled to, and this development alone cannot support an argument that the request he sent to DHS was limited to TSA records from the start.   Quite simply, the record is devoid of evidence that Plaintiff did not seek records created or maintained by DHS itself.

Second, this Court finds that the distinction between DHS and its components is somewhat murky.   For example, the distinction between DHS I&A, which Defendant DHS argues is a component agency that should have been sued in its individual capacity, and the DHS Privacy Office, which DHS acknowledges it the proper entity to respond to

---

2  It appears that Plaintiff was not alerted to the need to do so until DHS filed its motion for summary judgment, as DHS did not dispute that it was a proper party defendant in answering the Complaint.

3  The Court agrees with the reasoning set forth in the R&R that *sua sponte* substitution is not appropriate in this case.

FOIA requests sent to DHS, is unclear to the Court.

Third, then-Acting Deputy Chief FOIA Officer Pavlik-Keenan's unsworn declaration states that "DHS sent Plaintiff a letter advising that the Privacy Office had transferred Plaintiff's request to CBP, FEMA, [DHS] I&A, and TSA for handling and closed Plaintiff's request at DHS Headquarters."   Dkt. 26, ¶ 15.   Although the Court assumes this sentence is unintentionally ambiguous, it is unclear whether it suggests that the letter sent to Plaintiff advised of the transfer only or both the transfer and closure. This ambiguous wording is regurgitated in both DHS's memorandum in support of its motion for summary judgment and Defendants' response to Plaintiff's objection to the R&R.   Dkts. 24 and 45.

However, nothing in the letter sent to Plaintiff indicates that DHS Headquarters or the DHS Privacy Office had or would be closing out Plaintiff's request.   *See* Dkt. 26-8. While Plaintiff was advised that his request was being transferred to "the FOIA Officer for CBP, FEMA, [DHS] I&A, and TSA for processing and direct response to you," the letter provided a DHS matter number that Plaintiff should reference in any further communications with the DHS Privacy Office about this request, and also provided phone numbers for Plaintiff's use in contacting the DHS Privacy Office.   Factoring into the mix that this letter was sent to Plaintiff on July 22, 2019, almost four (4) months after Plaintiff initiated this lawsuit, it is far from clear that this communication was intended to indicate to Plaintiff that DHS Headquarters and the DHS Privacy Office considered the matter resolved.

Accordingly, it is hereby

ORDERED that the R&R is ADOPTED in part and REJECTED in part, consistent with the foregoing, and more specifically it is

ORDERED that Defendant DOJ's motion for summary judgment on behalf of its component agency ATF (Dkt. 27) is GRANTED; and it is

ORDERED that Defendant DOJ's motion for summary judgment on behalf of its component agency the FBI (Dkt. 31) is GRANTED; and it is

ORDERED that Defendant DOJ shall not be terminated as a Defendant in this case until the Magistrate Judge resolves Plaintiff's pending request for attorney's fees concerning DOJ's component agency the FBI[4]; and it is

ORDERED that Defendant DHS's motion for summary judgment (Dkt. 23) is DENIED; and it is

ORDERED that the case is remanded to Magistrate Judge Foschio for further proceedings.


**IT IS SO ORDERED.**


 s/Richard J. Arcara
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT


Dated: March 23, 2023

---

4  The FBI has not opposed the request and it is obvious to the Court that Plaintiff has substantially prevailed against this Defendant.   As such, the Magistrate Judge is directed to make specific findings as to the appropriate amount of attorney's fees.

7