UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LESLIE JAMES PICKERING,

                         Plaintiff,
                  v.

U.S. DEPARTMENT OF JUSTICE,
U.S. DEPARTMENT OF HOMELAND SECURITY,

                         Defendants.

_____

                                    REPORT
                                    and
                              RECOMMENDATION

                                19-CV-417-RJA-LGF

APPEARANCES:        MICHAEL KUZMA, ESQ.
                        Attorney for Plaintiff
                        1893 Clinton Street
                        Buffalo, New York  14206

                        TRINI E. ROSS
                        UNITED STATES ATTORNEY
                        Attorney for Defendants
                        MICHAEL S. CERRONE
                        Assistant United States Attorney, of Counsel
                        Federal Centre
                        138 Delaware Avenue
                        Buffalo, New York  14202

## **JURISDICTION**

This action was re-referred to the undersigned by Hon. Richard J. Arcara on

March 23, 2023, to make specific findings as to an appropriate amount of attorney's

fees to be awarded Plaintiff.  Dkt. 47 at 7, n. 4.  The matter is presently before the court

for consideration of Plaintiff's request for attorney fees incurred in connection with

litigating this case.[1]

---

[1] Pursuant to Fed.R.Civ.P. 54(d)(2)(D), a district judge's referral for consideration of attorney fees to a magistrate judge is treated as a "dispositive pretrial matter."  *S.C. v. New York City Department of Education*, 2024 WL 3518522, at *1 (S.D.N.Y. July 24, 2024).

## BACKGROUND

On March 3, 2018, Plaintiff Leslie James Pickering ("Plaintiff" or "Pickering"),

requested from Defendants U.S. Department of Homeland Security ("DHS"), and United

States Department of Justice ("DOJ"), and DOJ's component agencies Bureau of

Alcohol, Tobacco, Firearms and Explosives ("ATF"), Federal Bureau of Investigation

("FBI"), and U.S. Department of Homeland Security ("DHS") ("the requested agencies"),

pursuant to the Freedom of Information Act ("FOIA" or "the Act"), 5 U.S.C. § 552,

release of all records pertaining to one Scott Crow ("Crow") ("FOIA requests").  When

the requested agencies did not release all the requested information and records in

response to the FOIA requests, Plaintiff, on March 31, 2019, commenced this action

pursuant to FOIA, seeking disclosure and release of the withheld records.  On

November 30, 2020, summary judgment motions were filed by Defendant DOJ on

behalf of DHS (Dkt. 23) ("DHS's motion"), ATF (Dkt. 27) ("ATF's motion"), and FBI (Dkt.

31) ("FBI's motion") (together, "Defendants' motions").  Plaintiff filed a combined

memorandum of law opposing all three of Defendants' motions on the merits and also

argued in support of an award of attorney fees.  Dkt. 37 at 11.  In a Report and

Recommendation filed November 22, 2021 (Dkt. 42) ("R&R"), the undersigned

recommended all three of Defendants' motions for summary judgment be granted, and

thus did not address Plaintiff's argument in support of attorney fees incurred in

connection with the records released by the FBI after Plaintiff commenced this action.[2]

Defendants filed objections to the R&R and in a Decision and Order filed March 23,

---

[2] The court notes Plaintiff did not assert this argument in connection with the other two summary judgment motions.

2023 (Dkt. 47) ("D&O"), District Judge Arcara adopted the recommendations with regard

to ATF's motion and FBI's motion, but rejected the R&R as to DHS's motion.  D&O at 7.

Judge Arcara remanded the matter to the undersigned for further proceedings and,

noting the FBI did not oppose Plaintiff's request for attorney's fees and that "it is obvious

to the Court that Plaintiff has substantially prevailed against this Defendant [FBI]," the

undersigned was "directed to make specific findings as to the appropriate amount of

attorney's fees."[3]  *Id*. at 7 n. 4.

Accordingly, by Text Order entered September 17, 2024 (Dkt. 48) ("Text Order"),

Plaintiff was directed to file an affidavit, supported by exhibits, for attorney fees.  As

directed in the Text Order, on October 2, 2024, Plaintiff filed the Affidavit of Michael

Kuzma[, Esq.] (Dkt. 49) ("Kuzma Affidavit'), attaching exhibits A through C (Dkt.s 49-1

through 49-3) ("Kuzma Exh(s). __").  On October 7, 2024, Defendants filed Defendant's

Memorandum of Law in Opposition to Plaintiff's Request for Attorney's Fees (Dkt. 50)

("Defendants' Memorandum").  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's request for attorney fees is GRANTED in part

and DENIED in part.


## DISCUSSION

FOIA permits courts to assess "against the United States reasonable attorney

fees and other litigation costs reasonably incurred in any case...in which the

complainant has substantially prevailed."  5 U.S.C. § 552(a)(4)(E)(i) ("§ 552(a)__").

"Evaluating FOIA fee applications is a three-step process."  *New York Times Co. v.*

---

[3] Judge Arcara's determination that Plaintiff's substantially prevailed against the FBI was based on the FBI's release of documents to Plaintiff after Plaintiff filed the Complaint.  *See* D&O at 3 & n. 1.

*Central Intelligence Agency*, 251 F.Supp.3d 710, 713 (S.D.N.Y. 2017).  First, to recover

attorney fees and costs, a FOIA complainant must demonstrate he substantially

prevailed in the FOIA action by

> obtain[ing] relief through either--
> (I) a judicial order, or an enforceable written agreement or consent decree; or
> (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial.

5 U.S.C.A. § 552(a)(4)(E)(ii) ("§ 552(a)(4)(E)(ii)") ("prong I" and "prong II").

Upon demonstrating he substantially prevailed in the litigation so as to be eligible for

fees in accordance with § 552(a)(4)(E)(ii), "a litigant must show that he is entitled to an

award under the four criteria the court weighs in determining whether fees are

appropriate: (1) the public benefit derived from the case; (2) the commercial benefit to

the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) whether the

Government had a reasonable basis for withholding requested information."

*Pietrangelo v. U.S. Army*, 568 F.3d 341, 343 (2d Cir. 2009) (citing *Weisberg v. U.S.*

*Dep't of Justice*, 745 F.2d 1476, 1498 (D.C.Cir. 1984)).  Only after satisfying the first two

steps does the court address the third step, *i.e.*, "whether the fee requested by an

eligible and entitled applicant is 'presumptively reasonable' under the lodestar approach

generally applied to fee applications in the Second Circuit."  *New York Times Co.*, 251

F.Supp.3d at 713 (citing *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir.

2009)).

At issue in the instant case is the award of attorney fees in connection with

Plaintiff's FOIA request directed to the FBI ("FBI FOIA request").  D&O at 7 n. 4.

Although Defendant argues the award of attorney fees was premature, Defendants'

4

Memorandum at 5-6, as Judge Arcara noted, D&O at 7 n. 5, the FBI did not raise this

argument in replying in further support of summary judgment but, instead, relied solely

on the arguments submitted in the FBI's memorandum of law (Dkt. 32), filed in support

of the FBI's motion which did not address attorney fees.  Dkt. 40 at 2.  Judge Arcara

further noted Plaintiff has substantially prevailed on his FOIA request directed to the FBI

FOIA request, D&O at 7 n. 4, a finding that is consistent with Plaintiff's assertion that the

FBI released records responsive to Plaintiff's FBI FOIA request only after Plaintiff

commenced this action.  Dkt. 37 at 11.  Such a release is pursuant to prong II for fee

eligibility, the so-called "catalyst theory."  *Judicial Watch, Inc. v. U.S. Dept. of Justice*,

878 F. Supp.2d 225, 231 (D.D.C. 2012) (explaining that eligibility for fees under the

catalyst theory requires the "litigant...'show[ ] that the lawsuit was reasonably necessary

and the litigation substantially caused the requested records to be released.'" (quoting

*Burka v. HHS*, 142 F.3d 1286, 1288 (D.C.Cir. 1998))).

      Judge Arcara's determination strongly implies Plaintiff's asserted reasons

established Plaintiff was entitled to an award under the relevant four criteria. *Pietrangelo*

*v. U.S. Army*, 568 F.3d 341, 343.  In particular, Plaintiff explained that (1) the released

information "will help increase the public's understanding of the facts and circumstances

surrounding the investigation of Crow," Dkt. 37 at 11; (2) Plaintiff has not and will not

derive and commercial benefit from the release of the records, *id*.; (3) the requested

records pertained to Crow rather than to Plaintiff who intends to make the released

information readily available to the public through Plaintiff's internet website and

presentations, *id*.; and (4) the FBI's release of the information establishes the FBI's

reason for withholding the requested information was not entirely reasonable.

Significantly, Defendant did not ask for reconsideration of Judge Arcara's direction that the undersigned "to make specific findings at to the appropriate amount of attorney's fees," D&O at 7 n. 4, thus, has acquiesced in it.  *See Kamagate v. Ashcroft*, 385 F.3d 144, 152 (2d Cir. 2004) (ob, 2017 WL 1232717 (S.D.N.Y. Apr. 3, 2017) (observing that by failing to seek reconsideration in the district court, the plaintiff effectively conceded the issue).  Therefore, the court addresses only the amount of attorney fees to award Plaintiff in connection with the FBI FOIA request.

As discussed, Discussion, *supra*, at 4, a court determines "whether the fee requested by an eligible and entitled applicant is 'presumptively reasonable' under the lodestar approach generally applied to fee applications in the Second Circuit." *New York Times Co.*, 251 F.Supp.3d at 713.  To enable the court to calculate the amount of attorney's fees to be awarded pursuant to the lodestar approach, the applicant "generally must submit 'contemporaneous time records' that 'specify, for each attorney, the date, the hours expended, and the nature of the work done.'" *Baiul v. NBC Universal Media, LLC*, 2014 WL 13111806, at *2 (S.D.N.Y. Aug. 22, 2014) (quoting *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)), *aff'd sub nom. Baiul v. NBCUniversal Media, LLC*, 607 Fed.Appx. 99 (2d Cir. 2015). Here, however, Kuzma has not submitted any contemporaneous time records, asserting that "[f]or $ 5,000, I agreed to pay the filing fee and process server, draft the complaint, attend conferences, as well as draft and respond to motions.  This amount was paid to me by Scott Crow on February 20, 2019." Kuzma Affidavit ¶ 3.  Despite providing no contemporaneous time records, Kuzma avers that his hourly rate is $ 250.  *Id*. ¶ 8.

Kuzma also submits copies of receipts establishing Crow's payment of the $ 5,000 on February 20, 2019, as well as that Kuzma paid filing and process service fees totaling $ 560.40, *id*. ¶ 4 and Kuzma Exhs. A (Dkt. 49-1), and B (Dkt. 49-2), leaving a balance of $ 4,439.60 as attorney fees.  *Id*. ¶ 4.

Despite a preference for contemporaneous time records to compute attorney fees pursuant to the lodestar method, within the Second Circuit, "[d]istrict courts have 'some limited discretion to make exceptions to the hard-and-fast rule.'"  *Baiul*, 2014 WL 13111806, at *2 (quoting *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010)). "In certain cases, it may be unfair to deny attorney's fees on the basis of an attorney's failure to maintain contemporaneous records throughout the litigation."  *Id*. (citing *Carey*, 711 F.2d at 1147).  Nevertheless, "[w]hen a court makes such an exception, 'it should not award the full amount requested.'"  *Id*. (quoting *F. H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1265 (2d Cir. 1987)).  "Instead, it should reduce the award of fees by a set percentage, typically 20% to 25%."  *Id*.  In the instant case, because Kuzma charged a single fee in connection with Plaintiff's FOIA requests for which Defendants filed three separate summary judgment motions, Judge Arcara determined Plaintiff was entitled to attorney fees on Plaintiff's action only as against the FBI, the court finds it is appropriate to award as attorney fees and costs one-third of the $ 5,000 paid by Crow or $ 1,666.67.[4]

---

[4] Although Judge Arcara referred the matter only for consideration of an appropriate amount of to be awarded as attorney's fee, the undersigned construes the referral to also include the costs incurred by Plaintiff in litigating this case.

## CONCLUSION

Based on the foregoing, Plaintiff's request for attorney's fees incurred in connection with this FOIA action should be GRANTED in part and DENIED in part. Plaintiff should be awarded $ 1,666.67 in attorney fees and costs incurred in connection with the part of this action directed toward Plaintiff's FBI request seeking the release of information pursuant to the FBI FOIA request.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:        November 14, 2024
              Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:    November 14, 2024
          Buffalo, New York

9